# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SHAUN BRYANT,

    Petitioner,

    v.

WARDEN, FRANKLIN COUNTY
CORRECTIONS CENTER

    Respondent.

CASE NO. 2:17-CV-00335
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

This matter is before the Court after Petitioner failed to comply with this Court's Order directing him to provide his current address. (ECF No. 7.) For the following reasons, the Undersigned **RECOMMENDS** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") for failure to prosecute.

## I.

Petitioner, an Ohio inmate, executed a *pro se* petition on April 19, 2017. (ECF No. 1.) In it, he asserts that the Municipal Court for Franklin County, Ohio, violated his Due Process rights by denying a motion to withdraw a plea of "no contest" to assault charges filed against Petitioner by Franklin County. (*Id.*) The petition, however, lacked identifying information for the Municipal Court case or details about Petitioner's sentence. Accordingly, on October 23, 2017, this Court issued an Order directing Petitioner to provide the Court with more information. (ECF No. 5.) That Order was mailed to Petitioner at his last known address at the Franklin County Corrections Center but subsequently returned as undeliverable. (ECF No. 6.) On November 9, 2017, the Court issued a second Order directing Petitioner to provide the Court with his current

address.  (ECF No. 7.)  The second Order cautioned Petitioner that failure to provide a current address would result in dismissal of his action for failure to prosecute.  (*Id*.)  The second Order was also mailed to Petitioner's last known address and subsequently returned as undeliverable.  To date, Petitioner has not provided the Court with information about the Municipal Court case brought against him in Franklin County or a current address.

## II.

A litigant has an affirmative duty to notify the court of any change in his address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Hardin v. Chandler,* 36 Fed. App'x 769, 770 (6th Cir. 2002) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that although *pro se* litigants are afforded latitude when dealing with complex legal issues "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of this action.")

A litigant's failure to supply the Court with an updated address subjects the action to dismissal under Rule 41(b).  Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute . . . ."); *see also Kosher v. Butler Cnty. Jail,* No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v . U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992)) ("without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (Report and Recommendation adopted).  "When contemplating dismissal of an action under Rule

41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Comty Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)); *see also Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360 (E.D. Tenn. Oct. 19, 2006) (applying four-part inquiry to a plaintiff's failure to update his address); *Fountain v. Warden, Franklin Med. Ctr.,* No. 2:13-cv-271, 2013 WL 246836 (S.D. Ohio June 7, 2013) (same) (Report and Recommendation affirmed).

Applying this four-part inquiry to Petitioner's failure to provide his current address after being ordered to do so, the Undersigned concludes that dismissal for failure to prosecute is appropriate. First, Petitioner's failure to update his address constitutes willfulness, bad faith, or fault, because it demonstrate reckless disregard for how his actions, or inactions, impact his case. *See Wu v. T.W. Tang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *see also Fountain,* 2013 WL 2468361, at * 2 (citing *Sullivan*, 2006 WL 3007360, at *2 (finding that a plaintiff's failure to update his address exhibited reckless disregard for the effect of his conduct on the proceedings)). Petitioner has deprived this Court of a means to contact him about his case or a method to notify him when motions or other proceedings require his response or opposition.

Second, the record does not establish that Respondent has been prejudiced by delay. The Court notes that unnecessary delay could prejudice Respondent, particularly given Petitioner's

failure to provide critical details about the Municipal Court case that is the subject of the claims alleged in his petition, but nonetheless finds that this second factor applies neutrally at this time.

Third, the Court's second Order explicitly stated that Petitioner's failure to update his address would result in dismissal of this action. Although that second Order was returned as undeliverable, the Court nevertheless attempted to warn Petitioner that his conduct would result in a dismissal. *See Sullivan*, 2006 WL 3007360, at * 2 (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address); *Fountain,* 2013 WL 2468361, at *2 (same).

Last, the Undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances. Any other sanction that the Court might impose would not reach Petitioner because he has left the Court with no means of contacting him. *See Sullivan*, 2006 WL 3007360, at * 2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff."); *Fountain,* 2013 WL 2468361, at *2 (same).

In light of these factors, the Undersigned concludes that dismissal is an appropriate sanction.

### III.

For the reasons set forth herein, it is **RECOMMENDED** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) for failure to prosecute.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Natl Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that failure to object to the magistrate judges recommendations constituted a waiver of [the defendants] ability to appeal the district courts ruling); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district courts denial of pretrial motion by failing to timely object to magistrate judges report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ([A] general objection to a magistrate judges report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .) (citation omitted)).

          **IT IS SO ORDERED.**

**DATE: December 4, 2018**          *s/ Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge